ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
ANN LYTER THOMAS, ESQ.
Nevada Bar No. 005147
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail:    rcaldwell@klnevada.com
           athomas@klnevada.com

Attorneys for Defendant,
NISSAN NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GUS ANAYA,<br><br>   Plaintiff,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>   Defendants. | Case No.: 2:08-cv-01087<br><br>**PETITION FOR REMOVAL PURSUANT TO**<br>**28 U.S.C. § 1441**, *et seq.* |

Defendant, Nissan North America, Inc. ("Nissan"), by and through its attorneys, hereby petitions for the removal of this action from the Eighth Judicial District Court in and for Clark County, Nevada, to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1441, *et seq.*

I.    **INTRODUCTION**

On July 28, 2008, Plaintiff, Gus Anaya ("Plaintiff"), filed an *Initial Appearance Fee Disclosure* ("IAFD") and a *Complaint (Jury Trial Demanded)* ("Complaint") in the Eighth Judicial District Court in and for Clark County, Nevada ("State Court"), naming Nissan North America, Inc., Does 1-100, inclusive, and Roe Corporations 1-100, inclusive, as defendants. True and correct copies of the IAFD and Complaint are attached hereto as Exhibits "A" and "B," respectively. The case was assigned to Department XXII of the State Court and given Case Number A568348 ("State Court Action").

On August 15, 2008, Counsel for Nissan accepted service of the Complaint and executed an *Acceptance of Service* form, a true and correct (unfiled) copy of which is attached hereto as Exhibit "C." Under Nevada law, Nissan's answer or other responsive pleading would have been due on or before September 4, 2008. Nev. R. Civ. P. 12(a).

## II.  STATEMENT REGARDING JURISDICTION

The Complaint alleges ". . . a discriminatory practice of discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual, contrary to 42 U.S.C. 1981a. . ." See Complaint, attached as Exhibit "B," at Page 5, Paragraph 25. The Complaint, therefore, alleges a cause of action which arises under the laws of the United States. Original jurisdiction would have been proper with this Court on the basis of Federal Question Jurisdiction, pursuant to 28 U.S.C. § 1331.

Even if a Federal Question were not at issue, the parties to this action are citizens of different states. Plaintiff is a citizen of Clark County, Nevada. See Complaint, attached as Exhibit "B," at Page 1, Paragraph 1. Nissan is a California corporation with its principal place of business in Tennessee. Plaintiff alleges that he has been damaged in an amount in excess of the sum of $75,000. See Complaint, attached as Exhibit "B," at Page 6, Paragraphs 28 and 31; and Page 7, Paragraph 39. Original jurisdiction would have been proper with this Court on the basis of Diversity Jurisdiction, pursuant to 28 U.S.C. § 1332.

This Court has Supplemental Jurisdiction of the remaining claims in the Complaint pursuant to 28 U.S.C. § 1367, *et seq.*, as the additional claims, as alleged, are so related to the above-referenced claims as to form part of the same case or controversy. This entire matter is, therefore, properly removed in accordance with 28 U.S.C. § 1441, *et seq.*

## III.  TIMELINESS OF REMOVAL

This matter was filed in State Court on July 28, 2008. The first time Nissan received a copy of the Complaint was when it was served on August 15, 2008. Given that this Petition for Removal is being filed less than thirty days before the case was even filed, as well as less than thirty days after Nissan first received a copy of the Complaint, this Petition for Removal is clearly timely under 28 U.S.C. § 1446(b).

## IV. COMPLIANCE WITH REQUIREMENTS FOR REMOVAL

Nissan has complied with all requirements imposed upon a party noticing the removal of a pending action. The only pleadings, papers, orders or other matters filed in the State Court Action have been listed herein and true and correct copies thereof have been attached hereto as Exhibits "A" and "B." Nissan is concurrently filing a copy of this Petition for Removal with the State Court. Nissan is serving a copy of this Petition for Removal today by U.S. Mail upon Plaintiff's counsel, John Muije, Esq., at the address set forth in the Complaint.

## V. RULE 11 VERIFICATION

Pursuant to 28 U.S.C. § 1446(a), this Petition for Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 18th day of August, 2008.

KOLESAR & LEATHAM, CHTD.

By [signature]
ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
ANN LYTER THOMAS, ESQ.
Nevada Bar No. 005147
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102

Attorneys for Defendant,
NISSAN NORTH AMERICA, INC.

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, Chtd., and that on the 18th day of August, 2008, I caused to be served a true and correct copy of foregoing PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. § 1441, ET SEQ. in the following manner:

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

John W. Muije, Esq.
Muije & Varricchio
1320 South Casino Center Boulevard
Las Vegas, Nevada 89104

*Attorney for Plaintiff*

/s/ Christi Colucci
An Employee of KOLESAR & LEATHAM, CHTD.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

EXHIBIT "A"                                                                                    EXHIBIT "A"

EXHIBIT "A"                                                                                    EXHIBIT "A"

● **ORIGINAL** ●

IAPD
JOHN MUIJE, ESQ.
Nevada Bar No. 2419
MUIJE & VARRICCHIO
1320 S. Casino Center Blvd
Las Vegas, Nevada 89104
Attorneys for the plaintiff

FILED
JUL 28   4 50 PM '08

CLERK OF THE COURT

DISTRICT COURT

STATE OF NEVADA

GUS ANAYA,                                )
                                          )   Case No. A568348
                                          )
                Plaintiff,                )   Dept No.:
                                          )
vs.                                       )
                                          )
NISSAN NORTH AMERICA, INC., and           )
DOES 1-100, inclusive and ROES            )
CORPORATIONS 1-100, inclusive,            )
                                          )
                                          )
                Defendants.               )
                                          )

**INITIAL APPEARANCE FEE DISCLOSURE**
**(NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

. . .

. . .

. . .

. . .

. . .

. . .

- 1 -

LAW OFFICES
MUIJE & VARRICCHIO
1320 S. CASINO CENTER BOULEVARD
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

RECEIVED
JUL 28 2008
CLERK OF THE COURT

| | |
|---|---|
| PLAINTIFF: GUS ANAYA | $148.00 |
| TOTAL REMITTED: | $148.00 |

Dated this 25th day of July, 2008.

MUIJE & VARRICCHIO

By: _____
JOHN W. MUIJE, ESQ.
Nevada Bar No. 2419
1320 South Casino Center Blvd.
Las Vegas, NV 89104
Attorneys for Plaintiff

LAW OFFICES
MUIJE & VARRICCHIO
1320 S. CASINO CENTER BOULEVARD
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

R:\J Files\Anaya, Gus vs. Douglas Nissan, Inc (J3379)\7-17-08 New State Court Case\7-25-08 Initial Fee Disclosure.wpd

EXHIBIT "B"  EXHIBIT "B"

EXHIBIT "B"  EXHIBIT "B"

● ORIGINAL ●

**COMP**
JOHN MUIJE, ESQ.
Nevada Bar No. 2419
MUIJE & VARRICCHIO
1320 S. Casino Center Blvd
Las Vegas, Nevada 89104
Attorneys for the plaintiff

FILED
Jul 28  4 49 PM '08
CLERK OF THE COURT

DISTRICT COURT

STATE OF NEVADA

GUS ANAYA, )
) Case No. A568348
) 
Plaintiff, ) Dept No.: XXII
)
vs. )
) COMPLAINT FOR:
NISSAN NORTH AMERICA, INC., and )
DOES 1-100, inclusive and ROES ) 1.  DECLARATORY RELIEF
CORPORATIONS 1-100, inclusive, ) 2.  EQUITABLE RELIEF
)
) EXEMPT FROM ARBITRATION
Defendants. )
)

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

COMES NOW the Plaintiff, GUS ANAYA, by and through his attorney JOHN W. MUIJE, ESQ., of the firm of MUIJE & VARRICCHIO and for causes of action against the Defendants, alleges as follows:

**I.**

**PARTIES AND JURISDICTION**

1.  That at all time relevant to this Complaint, Plaintiff GUS ANAYA (hereinafter "Plaintiff") was a resident of the County of Clark, State of Nevada.

- 1 -

2. That at all times relevant to this Complaint, Defendant NISSAN NORTH AMERICA, INC., was a California corporation registered with the Nevada Secretary of State, and active in interstate commerce throughout North America, including but not limited to Southern Nevada.

3. That the true names or capacities, whether individual corporate, association or otherwise, of Defendant DOE and ROE CORPORATIONS I through X, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred herein, and as a result proximately caused damages to Plaintiff has herein alleged. The Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOE and ROE CORPORATIONS I through V, when the same have been ascertained, and to join such Defendants in this action.

## II.

## PLAINTIFF'S FACTS COMMON TO ALL CAUSES OF ACTION

4. That Plaintiff was employed by Non-Party, Douglas Nissan.

5. That Plaintiff is over 60 years of age;

6. On information and belief Defendant Douglas Nissan hired and employed plaintiff prior to any affirmative communication between Douglas Nissan and Nissan North America, Inc., regarding said Plaintiff, Gus Anaya (hereinafter referred to as "Gus Anaya").

7. Subsequent to the initiation of this litigation, in a case vs. Douglas Nissan the parties engaged in discovery, including deposing various individuals and co-employees who were in a position to have knowledge regarding Gus Anaya's employment with the Defendant Douglas Nissan, and the conduct of Defendant towards Plaintiff;

-2-

8. Based on those discovery efforts, it was learned that Mr. Don Forsman, an owner and/or senior executive at Non-Party United Nissan had communicated with Nissan North America, Inc., or its predecessors in interest, at a time that GUS ANAYA was being entertained for a management level position with United Nissan;

9. Upon information and belief, both Rodney Burns and/or Mel Anderson had conversations with said Don Forsman wherein Mr. Forsman acknowledged that Defendant Nissan North American, Inc., instructed Don Forsman not to afford GUS ANAYA employment in a management position, and in fact, on information and belief, essentially "blackballed" Mr. Anaya and provided information that Nissan North America would take humbrage at any dealership or distributorship choosing to employ Gus Anaya, and provided specific information that such employment should be rejected;

10. Upon information and belief, in addition to Mr Burns, Mr. Anderson, and Mr. Forsman, discovery can and will show other witnesses who are consciously aware of affirmative communications from Nissan North America, Inc., to various Nissan dealerships and distributorships and managers that Mr. Anaya was a "*persona non grata*", included but not limited to Defendant Douglas Nissan;

11. On information and belief, the affirmative conduct of Nissan North America Inc., was knowingly and willfully undertaken;

12. On information and belief, Nissan North America, Inc., knew or reasonably should have known that the people to whom it was communicating would place great weight on Nissan's representations and instructions and therefore refuse to employ or hire Mr. Anaya:

13. On information and belief, Nissan North America, Inc., not only discouraged various Las Vegas businesses from employing GUS ANAYA, but intentionally and affirmatively made false and fraudulent misrepresentations about Mr. Anaya's past, his employment history, and his potential

- 3 -

1  value in terms of functioning as a automotive sales/distributorship and/or manager;

2  14.   On information and belief, Nissan North America, Inc.'s motives were to affirmatively and specifically create financial hardship and havoc for Mr. Anaya, in part to vindicate and take revenge for Mr. Anaya's prior claims against Nissan North America, Inc., and its predecessors;

15.   Nissan North America, Inc.'s conduct as regards Mr. Anaya, which on information and belief commenced sometime between 2003 and the Spring of 2005 was intentional and malicious, as defined by Nevada law;

16.   GUS ANAYA has suffered significant economic damage, as well as severe emotional distress, as a result, on information and belief of Nissan North America, Inc.'s affirmative misconduct.

17.   On information and belief, at some point in the Spring of 2005, Nissan North America Inc., learned that Gus Anaya was employed with Non-Party Douglas Nissan;

18.   Prior to that occurrence, Douglas Nissan had promised Guy Anaya fast track promotions to management level positions;

19.   On information and belief, once Nissan North America, Inc., learned of Mr. Anaya's employment by Douglas Nissan, direct communications occurred between the two, leading to instructions and/or a request from Nissan North America, Inc., to Douglas Nissan to not promote plaintiff, and indeed, to arrange for discharge and termination of said Gus Anaya;

20.   On information and belief, after communications between Douglas Nissan and Nissan North America, Inc., what had been a cordial, productive and economically beneficial work environment degenerated into an abusive, hostile work environment, with management at Douglas Nissan affirmatively undertaking steps to disparage, ridicule, humiliate, and attempt to drive plaintiff into voluntarily terminating his employment;

- 4 -

21. On information and belief, once it became apparent that plaintiff would not voluntarily terminate his employment with Douglas Nissan, Douglas Nissan affirmatively undertook steps to manufacture grounds for his discharge, which in reality were predicated upon ulterior and unlawful motives, and in part upon instructions and communications from Nissan North America, Inc.

22. That upon information ad belief, based on the direct in put from Defendant, Douglas Nissan, Nissan North American discriminated against Plaintiff in the performance of his duties on account of his age and/or at the behest of Nissan North America, Inc.;

23. That Non-Party Douglas Nissan terminated Plaintiff's employment as a result of such pressure;

24. The facts supporting the above assertions include, but are not limited to, numerous comments by Plaintiff's superiors at Defendant's place of business, to the effect that Plaintiff was a "stupid old man," "over the hill" and a "tortuga" (Spanish for tortoise), and stating that the foregoing constituted the reason why he would be fired.

III.

**FIRST CAUSE OF ACTION**
*(Reckless Indiffernece to Federally Protected Rights)*

25. That Defendant did engage in a discriminatory practice of discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual, contrary to 42 U.S.C. 1981a, and are therefore liable for punitive damages.

IV.

**SECOND CAUSE OF ACTION**
*(Intentional Interference with Economic Expectancy.)*

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 herein as though fully set forth herein.

- 5 -

27. On information and belief, Defendant Nissan North America, Inc., affirmatively and willfully undertook conduct which it knew and reasonably should have known would have a direct and proximate impact upon Plaintiff's current and future employment, and deleteriously impact the Plaintiff in an economic sense.

28. On information and belief, Defendant Nissan North America, Inc., in that regard proximately caused damages to the Plaintiff in a sum in excess of $75,000;

29. Plaintiff has been forced to retain counsel to pursue his claims against Nissan North America, Inc., and is therefore entitled to recover attorneys fees in regard to the same.

30. On information and belief, Nissan North America, Inc., knew or reasonably should have known that its conduct as alleged herein above would almost certainly lead to severe emotional distress on the part of plaintiff;

31. As a direct and proximate result of the conduct which Plaintiff believes was affirmatively undertaken by Nissan North America, Inc., plaintiff Gus Anaya has suffered recurring emotional distress and trauma, with a direct consequence he is entitled to recoup damages with regard to the same in a sum in excess of $75,000;

32. Plaintiff has been forced to retain counsel to pursue his claims against Nissan North America, Inc., and is therefore entitled to recover attorneys fees in regard to the same.

V.

### THIRD CAUSE OF ACTION
(Defamation)

33. Plaintiff repeats and realleges as though fully set forth herein paragraphs 1 through 32 herein.

34. On information and belief, Nissan North America, Inc., knowingly made verbal utterances regarding Plaintiff Gus Anaya which it knew or reasonably should have known were false,

- 6 -

fraudulent and express misrepresentations.

35. Upon information and belief, Defendant Nissan North America, Inc., made written communications regarding Plaintiff Gus Anaya which it knew or reasonably should have known were false, fraudulent and express misrepresentations.

36. On information and belief, Defendant Nissan North America Inc., knew or should have known that its slander and libel as alleged hereinabove would cause direct and immediate economic damage, as well as emotional distress to Plaintiff Gus Anaya, but nevertheless knowingly and willfully undertook such conduct;

37. On information and belief, the conduct of Nissan North America Inc., in engaging in libel and slander as alleged herein, we undertaken with malice, express or implied, entitling plaintiff to recover exemplary damages as a matter of law;

38. On information and belief, some of the statements made by Nissan North America constituted defamation per se, entitling plaintiff to recover per se damages in accordance with the common law, regardless of any provable or direct damages he might have additionally suffered;

39. On information and belief, the defamation and conduct engaged in by Nissan North America did in fact proximately cause both economic as well as emotional damage to the plaintiff in a sum in an excess of $75,000.00;

40. Plaintiff has been forced to retain counsel to pursue his claims against Nissan North America, Inc., and is therefore entitled to recover attorneys fees in regard to the same.

VI.

**FOURTH CAUSE OF ACTION**

*(Declaratory Relief)*

41. Plaintiff repeats and realleges as though fully set forth herein paragraphs 1 through 40 herein.

- 7 -

42. Plaintiff and Defendant have an extensive history of disputes between themselves, dating back to the early 1990s when Plaintiff was a dealer for Defendants predecessor-in-interest.

43. Defendant has consistently used its enormous resources to overwhelm Plaintiff and trample on his legitimate rights, business expectancies, etc.

44. Lest there be any doubt, the U. S. District Court for the District of Nevada has specifically authorized the filing of this Complaint deriving from Defendant's misconduct in essentially "blackballing" Plaintiff from the automotive sales and distribution industry.

45. Affirmative efforts to blackball, blacklist, or prevent an individual from freely seeking gainful employment are prohibited, by statute and common law, both State and Federal.

46. Plaintiff is entitled to a declaration and judgment from this Court, pursuant to NRS Chapter 30, adjudicating and declaring the rights, status, and legal relationship between the parties, and specifically finding that conduct such as that alleged to have occurred heretofore, by Defendants, against the interest of Plaintiff, is unlawful, improper, and not valid under either State or Federal law.

47. Plaintiff has been forced to retain counsel to obtain this judicial declaration of his rights, and is therefore entitled to an award of reasonable attorneys' fees.

## VII.

### FIFTH CLAIM FOR RELIEF
*(Equitable Relief)*

48. Plaintiff repeats and realleges as though fully set forth herein paragraphs 1 through 47 herein.

49. As alleged hereinabove, upon information and belief, Defendant has consistently and for more than a decade utilized numerous of the substantial resources available to it to blacklist and consciously prevent Plaintiff from working in the automotive sale and distribution industry.

50. As alleged hereinabove, such affirmative conduct is expressly prohibited by both State and Federal law.

51. Upon information and belief, absent affirmative intervention by this Court, Defendant is likely to continue such conduct indefinitely into the future, it being their express goal, upon information and belief, to exercise its great economic power in a vendictive and retalitory fashion against Plaintiff.

52. Under the common law and NRS Chapter 33, this Court has the power, in equity, to expressly direct and prohibit Defendant from such unlawful, improper and malicious conduct, in order to prevent similar irreparable harm from occurring in the future.

53. Based upon the above, Plaintiff is entitled to a preliminary and permanent injunction against Defendant, and all of its agents, joint venturers, affiliates, etc., specifically directing and precluding said Defendant from disparaging, defaming, or otherwise interfering in Plaintiff's legitimate business and professional actitives.

54. Plaintiff has been forced to retain counsel to pursue this claim for equitable relief, and under applicable law, is therefor entitled to an award of his reasonable attorneys' fees with regard thereto.

WHEREFORE, Plaintiff expressly reserving his right to amend his Complaint at the time of trial of the action herein to include all items of damage not yet ascertained, demands judgment against Defendant as follows:

1. General compensatory damages in an amount in excess of ten-thousand dollars ($10,000.00);

2. Special damages as proven at the time of trial;

3. For costs of suit incurred herein;

4. Punitive damages;

5. For a declaration regarding the rights of the parties respectively, vis-a-vi each other, and declaring past conduct by Defendant unlawful and improper.

6. For preliminary and permanent injunction enjoining and prohibiting Defendant in engaging in deformation, disparaging comments, or otherwise interfering with Plaintiff's lawful employment and professional business interests.

7. For reasonable attorneys fees;

8. For interest at the legal rate, and

9. For such other and further relief as the court may deem just and equitable.

Dated this 29th day of July, 2008.

MUIJE & VARRICCHIO

JOHN W. MUIJE, ESQ.
Nevada Bar No, 2419
1320 Casino Center Blvd.
Las Vegas, Nevada 89104
Attorneys for the Plaintiff

R:\J Files\Anaya, Gus vs. Douglas Nissan, Inc (J3379)\7-17-08 New State Court Case\7-17-08 Complaint.wpd

- 10 -

EXHIBIT "C"                                                                                          EXHIBIT "C"

```
ACSR
JOHN MUIJE, ESQ.
Nevada Bar No. 2419
MUIJE & VARRICCHIO
1320 S. Casino Center Blvd
Las Vegas, Nevada 89104
Attorneys for the Plaintiff
```

DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| GUS ANAYA,  Plaintiff,  vs.  NISSAN NORTH AMERICA, INC., and DOES 1-100, inclusive and ROES CORPORATIONS 1-100, inclusive,  Defendants. | Case No.: A568348  Dept No.: XXII |

## ACCEPTANCE OF SERVICE

The undersigned does hereby accept service of the documents Summons, Complaint and Initial Fee Disclosure on behalf of Defendant, Nissan North America, Inc., in the above-entitled matter.

Dated this 15th day of August, 2008.

KOLESAR & LEATHAM, CHTD.

By: /s/ Robert J. Caldwell
ROBERT J. CALDWELL, Esq.
Nevada Bar No.: 7637
3320 W. Sahara Ave., #380
Las Vegas, Nevada 89102
Attorneys for Defendant, Nissan North America, Inc.

R:\J Files\Anaya, Gus vs. Douglas Nissan, Inc (J3379)\7-17-08 New State Court Case\Acceptance of Service.wpd